# Bourke *v.* Rought, Appellant.

*Practice, C. P.—Question of fact—Oral testimony—Charge of the court—Recital of testimony—Mistake—Attention of court—Exceptions.*

The only question in dispute being one of fact as to whether or not the plaintiff and defendant entered into an agreement, all the testimony in the case being oral, the question was for determination by the jury.

If the court in its charge makes a mistake in referring to the testimony, that matter should at once be called to the attention of the judge, in order that it may then and there be corrected.

A party may not remain silent when the court makes a slip in reciting the testimony, and having taken the chances of a verdict, afterwards complain and have the verdict set aside upon any such ground.

Argued March 7, 1923.   Appeal, No. 30, March T., 1923, by defendant, from judgment of C. P. Lackawanna Co., Sept. T., 1907, No. 224, on verdict for plaintiff, in the case of Richard J. Bourke v. G. G. Rought.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Assumpsit to recover for professional services.   Before MAXEY, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $150 and judgment thereon.   Defendant appealed.

*Errors assigned,* inter alia, were various parts of the charge of the court.

*W. W. Watson,* for appellant.

*J. E. Sickler,* for appellee.

PER CURIAM, July 12, 1923:

The only question at issue in this case was one of fact. Had the defendant agreed to pay the plaintiff, who is an attorney-at-law, $100 for certain information and blank form relating to the organization of a national bank, which defendant and others were about to organize and incorporate? The plaintiff testified that the defendant had expressly agreed to make the payment for the information and blanks and that he (the plaintiff) had in pursuance of said agreement furnished the information and blanks required. He testified that this oral agreement had been made and the information and blanks furnished to the defendant in the presence of but one other person, who had since died. The defendant testified that no such agreement had been made. The question of fact thus raised was for the disposition of the jury, and that question was by the court left to the jury with instructions of which this defendant has no just ground for complaint. The defendant presented no points and took only a general exception to the charge. Several of the assignments complain of the recital of the testimony by the court in the charge. If the court had made a mistake in referring to the testimony the matter should have at once been called to the attention of the judge, in order that it might be then and there corrected. A party may not remain silent when the court makes a slip in reciting the testimony, and having taken the chances of a verdict, afterwards complain and have the verdict set aside upon any such ground. We have, however, in this case examined the testimony and find that the judge made no mistake in its recital. If the testimony of the plaintiff was true, and the jury have found that it was, the money was to be paid when the services were rendered, not at some future time, and the plaintiff was entitled to recover interest from the date when he was advised by the letter of the defendant that he required no further service. We find no error in this record.

The judgment is affirmed.